**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-2932

———————

UNITED STATES OF AMERICA

v.

JOHN H. PHILLIPS,
Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 1-13-cr-00135-001)
District Judge: Honorable Yvette Kane

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2015

———————

Before: FISHER, JORDAN, GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed:  January 28, 2015)

———————

OPINION[*]

———————

GREENAWAY, JR., *Circuit Judge*.

    Appellant John H. Phillips pled guilty to failing to register under the Sex Offender

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Registration Notification Act ("SORNA") and was sentenced to thirty months of imprisonment. Phillips filed a notice of appeal pro se. Phillips's counsel filed a motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons addressed below, we will grant counsel's motion to withdraw and affirm the judgment of conviction.

## I.  Background

After a conviction for rape in Massachusetts, Phillips was required to register as a sex offender in any state in which he resided. Phillips moved to Pennsylvania but failed to inform authorities in either Massachusetts or Pennsylvania of his change of address. His failure to register led to his arrest for violating SORNA. Upon his arrest, and after waiving his *Miranda* rights, Phillips admitted knowing he was obligated to register as a sex offender, admitted not doing so, and stated he did not think he should be obligated to do so.

Soon after, Phillips was indicted for violating SORNA. Phillips pled guilty without a formal plea agreement. The District Court sentenced Phillips to 30 months of imprisonment.

## II.  Standard of Review[1]

"In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal."  *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000).  Under *Anders*, counsel seeking to withdraw from representation must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous."  *Id.* at 780.  "The Court's inquiry when counsel submits an *Anders* brief is thus twofold:  (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  Where frivolousness is patent, however, "we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court."  *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).

## III.  Analysis

Phillips entered a guilty plea and is thus generally limited to three issues on appeal:  whether (1) the District Court had proper subject matter jurisdiction; (2) the plea was counseled, procedurally valid, and voluntary; and (3) the sentence was legal and

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

reasonable. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Additionally, instead of filing a pro se brief with the Court, Phillips engaged in communications with counsel. During these discussions, Phillips indicated concerns with a double jeopardy violation due to the reference at sentencing to his underlying sexual offense conviction. After reviewing the briefs and the record, it is evident that counsel has adequately reviewed the record and relevant law, and that Phillips lacks any issues of arguable merit on appeal.

### A. Proper Jurisdiction

The District Court had jurisdiction over the matter, pursuant to 18 U.S.C. § 3231, because Phillips was charged with a registration offense under SORNA. *See* § 18 U.S.C. 2250(a). There is no factual dispute that Phillips was a registered sex offender and that he moved from Massachusetts to York, Pennsylvania. There is no jurisdictional defect.

### B. Valid Plea

A review of the transcript of the plea hearing discloses that there are no issues for appeal regarding the validity or voluntariness of the plea. In the instant case, the District Court advised Phillips of his constitutional rights, and ensured that he understood the consequences of waiving those rights. The District Court advised Phillips that he could persist in his plea of not guilty, proceed to a jury trial where the jurors would have to unanimously determine his guilt, and that he would have the right to the assistance of counsel in so doing. The District Court explained that, by entering a plea of guilty, Phillips would be waiving his right to a trial by jury and foregoing pre-trial challenges to certain of the Government's evidence. Next, the District Court addressed the nature of

the charge, the potential penalties, the advisory guidelines range, and the factual basis for the guilty plea. Finally, the District Court discussed with Phillips his right to present witnesses and evidence.

While the plea colloquy in this case did not include the customary explanation of the right to confront and cross-examine witnesses against him, Phillips was represented by trial counsel at the time of his plea, failed to object to the perceived inadequacy of the plea colloquy, and has, at no time, sought to withdraw his plea or otherwise argue that it was involuntary or unknowing. As a result, in order to succeed on appeal with a claim that his plea was not knowing or voluntary, he must demonstrate that the District Court committed plain error. *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008).

In order to meet the plain error standard, Phillips would need to demonstrate that his substantial rights were affected and that allowing his plea to stand would seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* Here, there is no evidence demonstrating that Phillips would have gone to trial had he known of his right to confront witnesses. In light of the above, Phillips's counsel has correctly determined that any challenge to the voluntariness of his plea would not have arguable merit.

### C. Sentencing

The legality of Phillips's sentence depends on whether it was procedurally and substantively reasonable. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). In reviewing for procedural error, this Court ensures that the District Court: (1) correctly

5

calculated the defendant's advisory guidelines range; (2) appropriately considered any motions for a departure under the guidelines; and (3) gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

The District Court calculated the appropriate guidelines range. As there were no motions for departure, the District Court turned to the factors set forth in 18 U.S.C. § 3553(a) and gave them appropriate, rational, and meaningful consideration. First, the District Court noted that Phillips had good, even commendable, reasons for moving to Pennsylvania. While the District Court was sympathetic to Phillips's situation, it was forced to note that Phillips had a history of failing to comply with court orders, anger management issues, and assault charges. Finally, the District Court explained that it did not have any concerns regarding sentencing disparity or restitution and determined that the sentence it was imposing promoted respect for the law, guarded against recidivism and reflected the seriousness of the offense. The sentence was procedurally reasonable.

"In the absence of procedural error, we review for substantive reasonableness, and 'we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011) (alteration in original) (quoting *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)). Based on the District Court's rationale, we find that the sentence was substantively reasonable.

### D. Double Jeopardy

Finally, the District Court's consideration of the underlying offense that precipitated Phillips's registration obligation did not violate double jeopardy principles. To the extent that Phillips's double jeopardy concerns relate to the sex offender registration and reporting requirements, such an argument is foreclosed by our decision in *Artway v. Att'y Gen. of New Jersey*, 81 F.3d 1235, 1267 (3d Cir. 1996) (explaining that neither the imposition of registration/reporting requirements nor the consideration of a defendant's criminal history violates the Double Jeopardy Clause).

Further, if Phillips's argument is based upon the use of his criminal history, it is not a violation of double jeopardy for a sentencing court to consider a defendant's past criminal history. *See Missouri v. Hunter*, 459 U.S. 359, 366 (1983) (explaining that, in the context of sentencing, double jeopardy "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended"). In sum, there is no viable argument concerning double jeopardy principles in the context of Phillips's sentencing.

### IV.  Conclusion

We find that counsel has carefully reviewed the record and identified no issue constituting a nonfrivolous basis for appeal. We will grant counsel's motion to withdraw, pursuant to *Anders*, and affirm the judgment of conviction of the District Court. Counsel is also relieved of any obligation to file a petition for writ of certiorari in the Supreme Court. *See* 3d Cir. L.A.R. 109.2(b) (2011).